UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>J. ROBERTSON, et al.,<br><br>Defendants. | Case No. 24-cv-05172-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

1   cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to
2   raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
3   U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
4   plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile
5   legal conclusions can provide the framework of a complaint, they must be supported by factual
6   allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
7   veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
8   *v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that prison officials failed to protect him from an assault by rival gang members on the prison yard.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413

2

1  F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847). A prisoner need not wait until he is assaulted or

2  harmed to state a claim and obtain relief. *See Farmer*, 511 U.S. at 845; *see also Gonzalez v.*

3  *CDCR*, 739 F.3d 1226, 1235 (9th Cir. 2014) (finding standing to bring 8th Amendment challenge

4  to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged

5  risk of retaliation from other gang members).

6        To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must

7  have known that there was a substantial risk that his or her actions (e.g. substandard training,

8  supervision, policy creation) would cause inmates harm, and there must be a causal connection

9  between the supervisor's actions and the plaintiff's harm. *Jeffers v. Gomez*, 267 F.3d 895, 914-16

10 (9th Cir. 2001) (director of state prison system who had modified the use of force policy to

11 decrease number of prison shootings was entitled to qualified immunity for shootings during

12 prison riot under new policy); *Wilk v. Neven*, 956 F.3d 1143, 1146 (9th Cir. 2020) (a reasonable

13 factfinder could find the warden liable as supervisor in a failure-to-protect suit because only the

14 warden or his designee had the authority to add a person to an inmate's enemy list and there was

15 evidence plaintiff submitted a request to place an inmate, who later attacked him, on the list).

16       In order to recover damages for an allegedly unconstitutional conviction or imprisonment,

17 or for other harm caused by actions whose unlawfulness would render a conviction or sentence

18 invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed

19 on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

20 make such determination, or called into question by a federal court's issuance of a writ of habeas

21 corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* bars a claim of unconstitutional

22 deprivation of time credits because such a claim necessarily calls into question the lawfulness of

23 the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.

24 *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (applying *Heck* bar to claim that officials used

25 unconstitutional procedures in a disciplinary hearing that resulted in the deprivation of time credits

26 if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of

27 the judgment").

28

Plaintiff names as Defendants the Director of the California Department of Corrections and Rehabilitation, the current and former wardens at Pelican Bay State Prison, and several staff members at the prison. He alleges that all Defendants enacted a program change of incremental integration that allowed rival gang members to be on the yard at the same time. Plaintiff contends that Defendants were purposely integrating the different prisoners so there would be more fights between the inmates. Plaintiff did not consent to this integration, but on December 15, 2022, he was on the yard when two rival gang members assaulted him resulting in injuries to his head, face, neck and torso.

Defendants Silva, Deters and Hendrix issued Plaintiff a Rules Violation Report ("RVR") for fighting. Defendant Frisk found Plaintiff guilty of the RVR and assessed him a 90-day loss of time credits. Plaintiff argues that the RVR was falsified so he would be found guilty. Plaintiff seeks money damages for his claims.

Plaintiff's allegations regarding the false RVR against Silva, Deters, Hendrix, and Frisk fail to state a claim. Plaintiff lost time credits so he cannot challenge the disciplinary process pursuant to *Heck*, unless the RVR has been reversed or expunged. Nor has Plaintiff described how his rights were violated during the disciplinary process. This claims is dismissed with leave to amend.

Plaintiff's claim that Defendants Allison, Robertson, Smith, Deters and Silva failed to protect him through the integration of the gang members on the yard states an Eighth Amendment claim. Plaintiff presents a claim regarding both the general integration of the gang members on the yard and a separate claim regarding the incident that resulted in him being assaulted and injured.[1]

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint and attempt to state a claim regarding the RVR and the disciplinary process. He must also repeat the allegations against the other Defendants who failed to protect him. Plaintiff may also choose to file an amended complaint that only contains the allegations that Defendants Allison, Robertson, Smith, Deters and Silva failed to protect him. If Plaintiff chooses to withdraw the claims regarding

---

[1] While Plaintiff's claim regarding his assault could be barred by *Heck*, at the screening stage the claim is sufficient to continue.

4

1  the RVR and the associated Defendants and the failure to protect claims will continue.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

5