1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    CARLOS GUTIERREZ,                    Case No.  24-cv-05172-VC
8                 Plaintiff,
                                          **ORDER OF SERVICE**
9          v.
10   J. ROBERTSON, et al.,
11                Defendants.
12

13          Carlos Gutierrez, a California state prisoner proceeding *pro se*, filed a civil rights

14   complaint under 42 U.S.C. § 1983 regarding inter-gang violence and a gang-related assault against

15   him at Pelican Bay State Prison (PBSP). Dkt. No. 1. The magistrate judge previously assigned to

16   this case dismissed the complaint with leave to amend his additional allegations regarding false

17   disciplinary charges. Dkt. No. 7. Gutierrez filed an amended complaint. Dkt. No. 9. The court now

18   reviews the claims in the amended complaint.

                                    **DISCUSSION**

20   **I.      Standard of Review**

21          A federal court must screen any case in which a prisoner seeks redress from a

22   governmental entity, or officer or employee of a governmental entity, to dismiss any claims that:

23   (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or      (3)

24   seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro*

25   *se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

26   (9th Cir. 1988).

27          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

28   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

United States District Court
Northern District of California

1    violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

2    42, 48 (1988).

3        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

4    plaintiff can show that the defendant's actions actually and proximately caused the deprivation of

5    a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d

6    1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives

7    another of a constitutional right within the meaning of Section 1983 if he does an affirmative act,

8    participates in another's affirmative act or fails to perform an act which he is legally required to

9    do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

10   **II.    Gutierrez's First Amended Complaint**

11       Gutierrez's first amended complaint names as defendants former PBSP Warden J.

12   Robertson, current PBSP Warden J. Smith, Captain L. Deters, Sergeant J. Silva, Lieutenant J.

13   Frisk, Correctional Officer J. Hendrix, and Acting Director of the California Department of

14   Corrections and Rehabilitation (CDCR) Allison in their individual and official capacities. He

15   alleges the following:

16       Defendants failed to protect him from injury in violation of his Eighth Amendment rights.

17   Defendants had agreements to conduct and allow gladiator fights between known documented

18   enemies at PBSP. On December 15, 2022, Gutierrez, who is classified by CDCR as a Sureño

19   associate, was assaulted by two certified Bulldogs members and associates in the recreational

20   yard. Defendant Silva assured Gutierrez that he would be in the recreational yard with other

21   Sureño members and associates.

22       PBSP began an experiment and transferred more than 20 Bulldogs to B Facility, although

23   all defendants were aware that Bulldogs and Sureños are mortal enemies. On November 16, 2022,

24   two Bulldogs assaulted a disabled Sureño associate. The violence continued, and defendants

25   Robertson and Deters placed B Facility on modified programming, directing employees not to

26   allow Bulldogs and Sureño to be together unrestrained. Defendants orchestrated gladiator fights

27   between Bulldogs and Sureños under the guise of incremented integrations.

28       After being injured in the head, face, neck, and torso in the December 15 incident,

United States District Court
Northern District of California

Gutierrez was issued a Rules Violation Report (RVR) by defendant Silva that was signed off on by defendant Deters. The RVR falsely accused him of fighting although defendants Silva and Deters had incited the violence by intentionally sending Gutierrez to yard with Bulldogs. Defendant Hendrix wrote the RVR. Defendant Fisk followed orders and found Gutierrez guilty at the hearing and assessed 90 days of good time credits even though he knew Gutierrez was set up.

Gutierrez seeks compensatory and punitive damages.

**III.    Analysis**

The magistrate judge who previously dismissed Gutierrez's complaint with leave to amend noted that he failed to state a claim against defendant Silva, Deters, Hendrix, and Frisk regarding the false RVR allegations because Gutierrez did not allege that the RVR was reversed or expunged, and he did not identify violations of his rights during the disciplinary process. Dkt. No. 7 at 4. Gutierrez's amended complaint contains allegations substantially similar to his original complaint, and continues to fail to state a claim regarding the RVR. This claim is therefore dismissed without leave to amend.

The magistrate judge previously found that Gutierrez stated an Eighth Amendment claim both regarding the general integration of gang members on the yard, and regarding the specific December 15 incident, against defendants Allison, Robertson, Smith, Deters, and Silva for failing to protect him. This claim is ordered served.

**CONCLUSION**

Based on the foregoing, the court orders as follows:

1.    Claims against all defendants in their official capacities operate as claims against the state, and are dismissed pursuant to the state's Eleventh Amendment immunity.

2.    The RVR claim is dismissed without leave to further amend.

3.    Defendants Hendrix and Frisk are dismissed.

4.    The court orders that the following defendants be served electronically: Allison, Robertson, Smith, Deters, and Silva.

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners

1    in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via

2    email the following documents: the operative complaint, this order of service, a CDCR Report of

3    E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order

4    on the plaintiff.

5         No later than 40 days after service of this order via email on CDCR, CDCR will provide

6    the court a completed CDCR Report of E-Service Waiver advising the court which defendant

7    listed in this order will be waiving service of process without the need for service by the United

8    States Marshal Service (USMS) and which defendant declines to waive service or could not be

9    reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the

10    California Attorney General's Office which, within 21 days, will file with the court a waiver of

11    service of process for the defendant if he is waiving service.

12        Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare

13    for each defendant who has not waived service according to the CDCR Report of E-Service

14    Waiver a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms

15    and copies of this order, the summons and the operative complaint for service upon each defendant

16    who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report

17    of E-Service Waiver.

18        5.    The following briefing schedule shall govern dispositive motions in this action:

19            a.  If the defendants intend to file a motion for summary judgment or other

20    dispositive motion, they must do so no later than fifty-six days from the date of service. If the

21    defendants file a motion for summary judgment, it shall be supported by adequate factual

22    documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the

23    defendants believe this case cannot be resolved by summary judgment, they shall so inform the

24    court prior to the date the summary judgment motion is due. All papers filed with the court shall

25    be promptly served on Gutierrez.

26        At the time the dispositive motion is served, the defendants will also serve, on a separate

27    paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

28    Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods*

United States District Court
Northern District of California

1  *v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the

2  time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier);

3  *Rand* at 960 (separate paper requirement).

4            b.  Gutierrez's opposition to the motion for summary judgment or other dispositive

5  motion shall be filed with the Court and served on the defendants no later than twenty-eight days

6  after the date on which the defendants' motion is filed.

7        Before filing his opposition, Gutierrez is advised to read the notice that will be provided to

8  him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil

9  Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment

10  must come forward with evidence showing triable issues of material fact on every essential

11  element of his claim). Gutierrez is cautioned that because he bears the burden of proving his

12  allegations in this case, he must be prepared to produce evidence in support of those allegations

13  when he files his opposition to the defendants' summary judgment motion. Such evidence may

14  include sworn declarations from himself and other witnesses, and copies of documents

15  authenticated by sworn declaration. Gutierrez will not be able to avoid summary judgment simply

16  by repeating the allegations of his complaint.

17            c.  The defendants shall file a reply brief no later than fourteen days after the date

18  Gutierrez's opposition is filed.

19            d.  The motion shall be deemed submitted as of the date the reply brief is due. No

20  hearing will be held on the motion unless the court so orders later.

21        6.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

22  Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may

23  conduct discovery.

24        7.  All communications by Gutierrez with the court must be served on the defendants,

25  or the defendants' counsel once counsel has been designated, by mailing a true copy of the

26  document to the defendants or counsel.

27        8.  It is Gutierrez's responsibility to prosecute this case. Gutierrez must keep the court

28  informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 27, 2025

_____
VINCE CHHABRIA
United States District Judge